IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ATLANTIC RECORDING CORPORATION, a Delaware corporation, et al.,**

                **Plaintiffs,**

   v.                                   1:06-cv-632-WSD

**JOHN BROWN,**

                **Defendant.**

## ORDER AND JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment [8]. This is an action for copyright infringement resulting from Defendant John Brown's ("Defendant") alleged illegal downloading of eight copyrighted sound recordings in which Plaintiffs owned the copyrights. On July 3, 2006, the Complaint was served on Defendant. (Return of Service [6].) Defendant did not answer the Complaint, and Plaintiffs moved for default against Defendant on August 11, 2006. (Mot. for Default [7].) Default was entered by the Clerk of Court on August 14, 2006. (Mot. for Default Judgment [8], at 2; Ex. 2 to Archer Decl., attached to Mot. for Default Judgment as Ex. A.) On August 22, 2006, Plaintiffs filed their Motion for Default Judgment. Defendant has not responded to

the Motion, and pursuant to Local Rule 7.1B, the Motion is deemed unopposed. L.R. 7.1B, N.D. Ga.

The Court has considered the Motion and Plaintiffs' request for judgment in the amount of the minimum statutory damages available for each of the eight instances of alleged infringement. The Court finds that judgment is requested in a sum certain and that a hearing is not required to consider an award based on statutory damages. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002). The Court further finds that an award of minimum statutory damages is authorized and reasonable. The Court also finds that Plaintiffs are entitled to entry of a permanent injunction against Defendant prohibiting his further infringement of copyright-protected works created and registered by Plaintiffs. See Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994). Finally, the Court finds Plaintiffs are entitled to recover their reasonable costs in this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs are entitled to minimum statutory damages of $750.00 per infringed work, as authorized under the Copyright Act, 17 U.S.C. § 504(c)(1), for each of the eight sound recordings listed in Exhibit A to the Complaint and that Defendant shall pay damages in the total

principal sum of Six-Thousand Dollars ($6,000.00).

**IT IS FURTHER ORDERED** that Defendant shall further pay Plaintiffs' costs of suit herein in the amount of Three-Hundred Twenty Dollars ($320.00).

1. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Again & Again," on album "Gift," by artist Taproot (SR# 305-703);

- "Be Quiet And Drive," on album "Around the Fur," by artist Deftones (SR# 244-493);

- "Comfortably Numb," on album "The Wall," by artist Pink Floyd (SR# 14-787);

- "Burn to Shine," on album "Burn to Shine," by artist Ben Harper (SR# 273-400);

- "Blind," on album "Korn," by artist Korn (SR# 201-939);

- "Privilege," on album "Make Yourself," by artist Incubus (SR# 278-818);

- "Redefine," on album "SCIENCE," by artist Incubus (SR# 249-

690);

- "All in the Family," on album "Follow the Leader," by artist Korn (SR# 263-749).

Defendant is also enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs or any parent, subsidiary, or affiliate record label of Plaintiffs ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**SO ORDERED** this 26th day of September, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE